UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 23-cv-14260 |
| v. | ) ) | |
| ADAM R. LONG, L2 CAPITAL, LLC, and OASIS CAPITAL, LLC, | ) ) ) | Honorable Andrea R. Wood |
| Defendants. | ) ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff, U.S. Securities and Exchange Commission ("the SEC") and Defendants, Adam R. Long, L2 Capital, LLC, and Oasis Capital, LLC ("the Defendants"), state as follows:

**1.** **Nature of the Case**

    A.    *Identify the attorneys of record for each party, including the lead trial attorney.*

The SEC is represented by Robert Moye and Regina LaMonica. Mr. Moye is the SEC's lead trial counsel.

The Defendants are represented by Mark David Hunter and Jenny Johnson-Sardella, of Hunter Taubman Fischer & Li LLC. Mr. Hunter is the Defendants' lead trial counsel.

    B.    *Identify any parties that have not yet been served.*

All Defendants have waived service of the summons and complaint.

    C.    *State the basis for federal jurisdiction.*

15 U.S.C. § 78aa and 28 U.S.C. § 1331.

    D.    *Describe generally the nature of the claims asserted in the complaint and any counterclaims.*

The SEC's Complaint alleges that Defendants operated as securities dealers without registering with the SEC, in violation of Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1). The SEC also alleges that Defendant Long controlled

1

L2 and Oasis during the relevant time period and may, in the alternative, be held liable for their violations under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). The Complaint alleges that while acting as unregistered dealers, Defendants regularly engaged in the business of purchasing securities known as convertible promissory notes from small companies that needed cash and issued penny stocks or other shares that trade at very low prices. Defendants then converted those notes into publicly tradeable stock at a significant discount from prevailing market prices, and promptly sold those newly-issued shares into the public markets. The Complaint further alleges that Defendants engaged in at least 20 convertible note transactions, involving at least 15 different companies issuing stock, and acquired and sold more than 5.8 billion shares of stock into the public markets. Defendants' illegal activities are alleged to have generated at least $20 million in profits, while diluting the value of shares held by other shareholders.

E. *State the major legal and factual issues in the case.*

The major legal and factual issues include, but are not limited to:

- Whether Defendants engaged in a regular business of buying and selling securities for their own account, pursuant to § 15 U.S.C. 78c(a)(5)(A)–(B);
- Whether Defendants conducted the transactions described in the Complaint "as part of a regular business;"
- Whether Defendants acted as "dealers" under Section 15(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a);
- Whether any exceptions to the dealer registration requirements apply to Defendants' activities under the applicable federal securities laws;
- Whether Defendant Long is a "control person" of L2 and Oasis with regard to the transactions described in the Complaint;
- Whether the Court should permanently enjoin Defendants from future securities law violations;
- Whether the Court should order Defendants to disgorge the ill-gotten gains of their securities law violations, with prejudgment interest, and if so in what amounts; and
- Whether the Court should order Defendants to pay civil monetary penalties, and if so in what amounts.

F. *Describe the relief sought.*

The SEC seeks the following relief:

- permanent injunctions against the Defendants enjoining them from directly or indirectly engaging in the transactions, acts, practices, or courses of business described in the Complaint, or similar conduct, in violation of Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1);

- an order precluding the Defendants from participating, directly or indirectly in any offering of penny stocks;

- an order requiring Defendants to disgorge, on a joint and several basis, the ill-gotten gains that they received as a result of the alleged violations, including prejudgment interest; and

- an order imposing appropriate civil penalties against each of the defendants.

**2.   Case Plan**

    A.    *Identify all pending motions.*

As of the date of the Initial Status Report, there are no pending motions.

    B.    *State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.*

Defendants' Answer or other response to the Complaint is due on November 27, 2023. Defendants anticipate that they will file a motion to dismiss pursuant to Rule 12(b)(6).

    C.    *Submit a proposed discovery plan, including the following information:*

        i.    *the general type of discovery needed;*

The parties expect to need written discovery, the production of documents, fact witness depositions, and expert witness disclosures and depositions.

        ii.    *whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;*

Discovery will include ESI, but the parties do not presently anticipate any issues regarding the disclosure or discovery of ESI. The parties have agreed that a party may elect to produce ESI in any one of three options, including the form: (a) in which it was created and stored in the ordinary course of business, (b) in which it was provided to the producing party, or (c) in the form requested by a party.

        iii.    *any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);*

The parties agree that they should not be required to produce or log: (a) communications between the litigation attorneys and their client(s), (b) internal law firm/SEC communications, (c) communications between the SEC and other government agencies, (d) joint defense communications, or (e) attorney or paralegal notes. All other documents withheld on claims of privilege or work product should be described on a log if requested if requested by the requesting

party. The parties will submit to the Court a proposed claw-back order, pursuant to Fed. R. Evid. 502(d).

   iv.  *the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;*

Because Defendants intend to file a motion to dismiss the Complaint, the parties propose exchanging their initial disclosures under Rule 26(a)(1) within 21 days of the completion of briefing on Defendants' motion to dismiss.

   v.  *the date by which the parties will complete fact discovery;*

The parties agree that fact discovery will require approximately 6 months. Accordingly, the parties propose that they file a Joint Status Report with a schedule for the completion of all discovery, including fact and expert discovery and depositions, within 14 days of the completion of briefing on Defendants' forthcoming motion to dismiss.

   vi.  *whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;*

Expert discovery is contemplated by both sides. The SEC proposes that the parties be allowed 3 months after the close of fact discovery to complete expert discovery, including depositions.

   vii.  *what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted;*

At this time, the parties do not anticipate a need to change any limitations on discovery.

   viii.  *the date by which the parties must file any dispositive motions.*

The parties propose that dispositive motions be filed no later than 60 days following the close of all discovery.

  D.  *State whether there has been a jury demand and the estimated length of the trial.*

The SEC had demanded a jury trial. If this action were to proceed to trial, the parties currently estimate the trial may take approximately 2 weeks.

**3.** **Settlement**

    A.    *State whether any settlement discussions have occurred and describe the status of any such discussions.*

To date there have been no settlement discussions between the SEC and any of the Defendants.

    B.    *State whether the parties believe that a settlement conference would be productive at this time.*

The parties do not believe that a settlement conference would be productive at this time. However, it may be productive to conduct a settlement conference after the conclusion of all discovery.

**4.** **Consent to Proceed Before a Magistrate Judge**

    A.    *State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.*

All counsel confirm they have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes. However, the parties do not consent to that procedure at this time.

Dated: November 21, 2023

                    Respectfully submitted,

<u>**/s/ Robert M.Moye**</u>
Robert M. Moye (moyer@sec.gov)
Regina LaMonica (LaMonicaR@sec.gov)
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
(312) 353-1051

*Counsel for the SEC*

<u>**/s/ Mark David Hunter**</u>
Mark David Hunter (mhunter@htflawyers.com)
Jenny Johnson-Sardella (jsardella@htflawyers.com)
Hunter Taubman Fischer & Li LLC
2 Alhambra Plaza, Suite 650
Coral Gables, FL 33134
(305) 629-1180

*Counsel for Defendants, Adam R. Long, L2 Capital, LLC, and Oasis Capital, LLC*